ORIGINAL

**Craig A. Crispin, OSB No. 82485**
crispin@employmentlaw-nw.com
**Shelley D. Russell, OSB No. 94068**
shelley@employmentlaw-nw.com
CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770
Telefax: 503-293-5766

**Robert C. Robertson, OSB No. 661038**
2boblaw@integra.net
1175 East Main St., Suite 1F
Medford, OR 97504
Telephone: 541-772-3442
Telefax: 541-772-2390
Of Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**
**Medford Division**

**FRANCISCO J. FLORES,**

Plaintiff,

v.

**G.M.R., INC.**, an Oregon Corporation, dba **SI CASA FLORES MEXICAN CUISINE,** and **JUAN FLORES** and **GREGORIO RODRIGUEZ,** individuals,

Defendants.

Civil No. 11-3136 - CL

**COMPLAINT**

(42 U.S.C. § 2000e Title VII Sex Discrimination, Harassment, and Retaliation; ORS 659A.030; Sexual Assault and Battery; Intentional Infliction of Emotional Distress; Negligent Supervision and Retention)

**DEMAND FOR JURY TRIAL**

NATURE OF THE ACTION

1. This is an action under 42 U.S.C. §2000e, et seq., Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, for violation of plaintiff's federal statutory rights, to correct unlawful employment practices, to vindicate plaintiff's rights and the rights of

other employees to work in environments free from harassment and discrimination based on sex, and to make plaintiff whole. Plaintiff also seeks injunctive relief.

2. Defendants engaged in a pattern and practice of disparate treatment of male employees, and of creating and maintaining a hostile work environment amounting to employment discrimination, and retaliated against plaintiff for complaining and resisting such environment.

3. This is also an action for violation of Oregon state discrimination laws, ORS 659A.030, and common law claims pursuant to the court's supplemental jurisdiction.

**PARTIES**

4. Plaintiff **FRANCISCO J. FLORES** is an individual resident of Oregon and, at all material times was an employee of defendants.

5. Defendant **G.M.R., INC.**, ("**Si Casa**"), was and is an Oregon corporation, organized under the laws of the state of Oregon, operating a chain of restaurants in the state of Oregon under the assumed business name **SI CASA FLORES MEXICAN CUISINE**, and has continuously had and does now have more than 25 employees. At all material times relevant herein, defendant **SI CASA** was an employer within the meaning of 42 U.S.C. §2000e(b) and ORS 659A.001.

6. At all material times, defendant **JUAN FLORES** was and is an owner/operator of defendant **SI CASA**, and was plaintiff's supervisor. At all material times, except as otherwise alleged herein, defendant **FLORES** was acting within the scope of his employment.

7. At all material times, defendant **GREGORIO RODRIGUEZ** was an owner/operator of defendant **SI CASA**, and was its head management employee and chief operating officer, responsible for hiring, retaining, and terminating Si Casa' employees. At all material times, except as otherwise alleged herein, defendant **RODRIGUEZ** was acting within



CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

the scope of his employment.

## JURISDICTION AND VENUE

8. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331.

9. The employment practices alleged herein were committed in the District of Oregon, Medford Division.

## PROCEDURAL REQUIREMENTS

10. Plaintiff filed charges of unlawful employment practices with the Equal Opportunity Employment Commission and with the Oregon Bureau of Labor & Industries, Civil Rights Division.

11. Plaintiff has satisfied all administrative prerequisites to the filing of the statutory claims contained in this action.

## FACTUAL ALLEGATIONS

12. Plaintiff was employed by defendant Si Casa as a waiter/server from 2005 until his termination in mid-May 2011.

13. During his employment, plaintiff worked at all four Si Casa Flores restaurants in Medford and Phoenix, Oregon.

14. Soon after plaintiff began working for defendants, plaintiff noticed defendant Flores engaging in inappropriate sexual touching of other employees near their genitals and on their buttocks. After plaintiff was employed for approximately one year, defendant Flores began engaging in similar conduct of a sexual nature toward plaintiff.

15. On numerous occasions, usually when plaintiff was carrying plates of food and could not defend himself, defendant Flores grabbed plaintiff's crotch, or attempted to insert his finger in plaintiff's anus.



CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

16. When plaintiff objected to defendant Flores' sexually harassing conduct, defendant Flores chastised plaintiff with statements like "Well, you are fat. If I were fat like you, I would shoot myself."

17. In further response to plaintiff's resistance and opposition to defendant Flores' sexually harassing conduct, defendant Flores became hostile, cutting plaintiff's scheduled hours, and instructing hostesses not to put customers in plaintiff's section so that plaintiff would lose money. Conversely, defendant Flores directed customers and better hours towards those employees who went along with his sexual advances.

18. Once it began, the sexually harassing conduct occurred on a daily basis, and occasionally occurred numerous times during a four hour shift.

19. Defendant Flores openly talked about employees with whom he had been sexually involved, stating things like "Well, I fucked him and I don't like him any more." Other times, defendant Flores was excessively affectionate with various employees, kissing and hugging them in the presence of the staff.

20. Defendant Flores terminated plaintiff in 2008, allegedly because he required a weekend off work to attend to a business appointment in Portland. Plaintiff gave defendant two weeks notice of his need for time off, but defendant never responded. Defendant Flores would not have terminated plaintiff had plaintiff gone along with defendant Flores' sexual harassment.

21. In or about November 2009, when defendant opened a new restaurant in Phoenix, Oregon, plaintiff re-applied for a position with defendant. Plaintiff understood that defendant Flores' co-owner, Gregorio Rodriguez, would be running the Phoenix restaurant, not defendant Flores. Defendant G.M.R. hired plaintiff.

22. During plaintiff's employment at defendant Si Casa's Phoenix location, defendant Flores occasionally worked at that location. When defendant Flores worked the Phoenix



**CRISPIN EMPLOYMENT LAWYERS**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

location, he resumed his sexually harassing activity toward plaintiff. Plaintiff continued to resist, oppose and object to defendant Flores' sexually harassing conduct.

23. Plaintiff observed defendant Flores sexually harassing a male manager at defendant's WinCo restaurant location. Plaintiff observed defendant Flores taking pictures under the bathroom stall door while the management employee was using the toilet. The management employee was very upset by defendant Flores' conduct and told him to never, ever do that again. Shortly thereafter, the manager was fired by defendant Flores.

24. Because plaintiff continually objected to defendant Flores' conduct and did not participate in it, defendant terminated plaintiff's employment on May 17, 2011, claiming it did so because plaintiff took time off to attend his mother's funeral in Mexico.

25. Defendant Flores' co-owner, defendant Gregorio Rodriguez, observed defendant Flores' sexually harassing behavior towards plaintiff and others on numerous occasions, but did nothing to stop or deter defendant Flores' conduct.

26. Defendant Flores' conduct was open and obvious, and was observed by all management employees of Si Casa. No one in management took any action to stop or deter the sexual harassment.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT G.M.R., INC.**

**(Violations of 42 U.S.C. §2000e-17 - Sexual Harassment)**

27. Plaintiff incorporates by reference the allegations of paragraphs 1 through 26 above.

28. Defendants discriminated against plaintiff in the terms, conditions or privileges of employment due to plaintiff's sex as prohibited by 42 U.S.C. §2000e-17.

29. Defendants' sexual conduct was sufficiently severe and/or pervasive to alter the terms and conditions of plaintiff's employment and create a hostile and abusive working



CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

environment.

30. Defendants failed and refused to take appropriate action to prevent and promptly correct the discriminatory treatment of plaintiff.

31. Plaintiff is entitled to an order declaring defendant in violation of the statutory rights of plaintiff as set forth in this complaint and to such injunctive relief as the court finds appropriate to cause defendants to stop their violations of law and disregard of the statutory rights of employees.

32. As a result of the unlawful actions alleged herein, plaintiff suffered and continues to suffer severe emotional injury and loss of enjoyment of life. Plaintiff is entitled to noneconomic damages sufficient to compensate him for his noneconomic injuries in such amount as may be awarded by a jury based on the evidence presented at trial.

33. As a result of the unlawful actions alleged herein, plaintiff has suffered economic damages. Plaintiff is entitled to recover his lost wages, past and future, his lost earning capacity, and other economic damages incurred in connection with his injuries caused by the actions alleged herein in such amount as may be awarded by a jury based on the evidence presented at trial.

34. The conduct of defendant Flores was an intentional violation of, or in reckless disregard for, plaintiff's federally protected rights. Such conduct exceeds the bounds of social toleration and is of a sort that would be deterred by an assessment against defendants of punitive damages in such amount as may be assessed by a jury based on the evidence presented at trial.

35. Plaintiff is entitled to recover his reasonable attorneys fees and costs incurred herein, pursuant to 42 U.S.C. § 1988.



CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT G.M.R., INC.**

**(Violations of 42 U.S.C. §2000e-17 - Retaliation)**

36. Plaintiff incorporates by reference the allegations of paragraphs 1 through 35 above.

37. Defendants' retaliation against plaintiff for complaining of unlawful discrimination as alleged herein violates 42 U.S.C. §2000e-17.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANT G.M.R., INC.**

**(Violations of ORS 659A.030 - Sex Discrimination)**

38. Plaintiff incorporates by reference the allegations of paragraphs 1 through 26 and 29 through 33.

39. Defendants' maintenance of a sexually hostile and discriminatory working environment as alleged herein constitutes an unlawful employment practice in violation of ORS 659A.030.

40. Defendant's acts as described herein were an intentional disregard of the rights of plaintiff, in reckless disregard of defendant's societal obligations, and committed with conscious indifference to the health, safety and welfare of plaintiff. Defendant should be assessed punitive damages in such amount as may be found appropriate by a jury based on evidence presented at trial to punish defendant and to deter defendant and others from similar conduct in the future.

41. Plaintiff is entitled to recover his reasonable attorney fees and costs, and expert witness fees and costs, pursuant to ORS 659A.885 and ORS 20.107.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT G.M.R., INC.**

**(Violations of ORS 659A.030 - Retaliation)**

42. Plaintiff incorporates by reference the allegations of paragraphs 1 through 26, 29 through 33, and 39 through 41 above.



CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

43. Defendants retaliated against plaintiff in response to his complaints of and opposition to the sexual harassment and sexually hostile working environment to which he was subjected in violation of ORS 659A.030(1)(f).

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS FLORES & G.M.R. INC.**

**(Sexual Battery)**

44. Plaintiff incorporates by reference the allegations of paragraphs 1 through 9, 12 through 26, 30 through 33, and 40 above.

45. Defendant Flores' conduct as described herein demonstrated an intent to cause a harmful or offensive and insulting contact with plaintiff, and/or intended to place plaintiff in apprehension of offensive contact.

46. Defendant Flores' conduct as described herein was perceived by plaintiff as harmful, offensive and insulting, and plaintiff was placed in fear or apprehension of offensive contact and harm by defendant Flores.

47. Defendant Flores' offensive physical contacts with plaintiff were performed in the course and scope of his employment with defendant Si Casa, and were known by Si Casa.

48. As a result of the unlawful actions alleged herein, plaintiff suffered physical pain and injury, and suffered and continues to suffer severe emotional distress, mental pain and anguish, humiliation, and loss of enjoyment of life. Plaintiff is entitled to noneconomic compensatory damages sufficient to compensate him for his emotional pain and suffering and other noneconomic losses, in an amount found appropriate by a jury.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS FLORES & G.M.R. INC.**

**(Intentional Infliction of Emotional Distress)**

49. Plaintiff incorporates by reference the allegations of paragraphs 1 through 9, 12 through 26, 30 through 33, 39, 40, 43, and 45 through 48 above.



CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

50. Defendant Flores committed the acts alleged herein intentionally to cause plaintiff to suffer severe emotional harm or under circumstances in which it was substantially certain he would suffer such harm.

51. Defendant Flores' acts alleged herein were performed in the course and scope of his employment with defendant Si Casa, and were known by Si Casa.

**SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS G.M.R., INC. & RODRIGUEZ**

**(Negligent Supervision and Retention)**

52. Plaintiff incorporates by reference the allegations of paragraphs 1 through 9, 12 through 26, 30 through 33, 39, 40, 43, 45 through 48, 50, and 51 above.

53. Defendant Rodriguez and Si Casa's management employees were at all times aware of defendant Flores' sexually harassing conduct toward plaintiff and other employees.

54. Defendants knew or should have known that defendant Flores would engage in sexually discriminatory, offensive and abusive conduct with plaintiff in the workplace, and that it was reasonably foreseeable that defendant Flores' conduct would harm plaintiff.

55. Because of their knowledge of defendant Flores' dangerous propensities, defendants had a duty to plaintiff to prevent defendant Flores' from harming plaintiff. Defendants failed to protect plaintiff from harm by defendant Flores.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests the Court to:

1. Declare defendants in violation of the statutes set forth in plaintiff's claims for relief;

2. Award plaintiff compensation for his lost past wages and benefits of employment and lost earning capacity and future earnings and benefits;

3. Order defendants to make plaintiff whole by providing compensation for



**CRISPIN EMPLOYMENT LAWYERS**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

noneconomic losses in amounts as are awarded by the jury;

4. Assess punitive damages against defendants in such amount as found appropriate by a jury;

5. Award plaintiff his costs of suit and reasonable attorney fees, costs, and expert witness fees;

6. Order defendants to pay prejudgment interest and postjudgment interest on all amounts due to plaintiff as a result of this action, with interest at the prevailing rate; and

7. Order such further or alternative relief in favor of plaintiff as the court deems appropriate.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

CRISPIN EMPLOYMENT LAWYERS

By: ______________________
Craig A. Crispin, OSB № 82485
Of Attorneys for Plaintiff



CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770